UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN AKHALAIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-133-R |
| | ) |
| FRED FIGUEROA, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, a citizen of Georgia, entered the United States on September 25, 2022, and was paroled into the United States. He subsequently filed an Application for Asylum with the Immigration Court [Doc. No. 1-2] and resided in the United States without detention for approximately three years until he was detained by ICE in January of 2026.

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] claiming violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Respondents filed a Response in Opposition [Doc. No. 11]. Petitioner filed a Reply [Doc. No. 12]. Though he requests relief primarily pursuant to the declaratory judgment of another court, Petitioner essentially asserts the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the country.

The crux of Petitioner's Petition is *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), wherein the court granted class certification of:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id.* at *32. The *Maldonado Bautista* Court examined the Department of Homeland Security's Policy of

> requir[ing] ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), 'applicants for admission' are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

In so doing, the *Maldonado Bautista* Court declared DHS's Policy violated the INA and statutory Due Process with respect to the Bond Eligible Class. *Id.*

Petitioner asserts he is a member of the Bond Eligible Class and thus that his detention pursuant to § 1225(b)(2)(A) is unlawful because he is a noncitizen in the United States who entered without inspection, was not apprehended upon arrival, and is not subject to detention under § 1226(c), § 1225(b)(1), or § 1231. Petitioner asserts he is being detained in violation of the *Maldonado Bautista* declaration and the Court should order his release unless Respondents provide a bond hearing pursuant to § 1226(a).

Respondents assert Petitioner is not entitled to relief pursuant to *Maldonado Bautista*'s declaration and urge the Court to deny Petitioner's Petition on this basis alone. Respondents also argue that no other basis for relief is proffered and no further analysis of

the § 1225 and § 1226 issue—an issue that has been extensively litigated in recent months in situations akin to Petitioner's—is stated. In Respondents' opinion, Petitioner relies solely on the *Maldonado Bautista* declaration and has thus failed to argue the legal merits of his challenge to DHS's interpretation of § 1225(b)(2)(A).

The Court finds this reading of Petitioner's Petition too restrictive. Petitioner claims his detention violates both the INA and the *Maldonado Bautista* declaration and discusses the detention framework under § 1226(a). In asserting that he is a member of the *Maldonado Bautista* Bond Eligible Class, Petitioner claims he is a noncitizen who entered the United States without inspection and has been residing in the country without detention for several years. And in Petitioner's Reply, he asserts he was arrested in the interior, has resided in the country for years, is in full § 1229a proceedings, and is not subject to expedited removal. Based on his status, Petitioner asserts he is entitled to a bond hearing pursuant to § 1226(a). The Court finds the allegations in the Petition and arguments in his Reply sufficient to raise the "§ 1225 and § 1226 issue," as Respondents put it, and thus sufficient for the Court to determine Petitioner's case on the merits.

The key question is thus whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. The Court has addressed this same issue in prior orders. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*,

No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026).[1] The Court is also aware of recent (nonbinding) authority contradicting the Court's prior orders. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

However, the Court continues to conclude that the better reading of the statutory provisions is that § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law."). Further, the Court finds that Petitioner's asylum application does not render him subject to § 1225(b)(2). *See Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (concluding that § 1226(a) applies even though Petitioner applied for asylum); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (same); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (same).

Here, Petitioner was detained nearly three years after arriving in the country. His detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Id.*

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders.

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the Court finds Petitioner is entitled to a prompt bond hearing based upon the merits of his Petition, it declines to rule on the issue of whether *Maldonado Bautista* is an enforceable declaratory judgment applicable to those like Petitioner. *See also Bah v. Noem*, No. 1:26-cv-00039-CNS, 2026 WL 205642, at *1 n.* (D. Colo. Jan. 27, 2026); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6 (D.N.M. Feb. 11, 2026) (indicating that declaring *Maldonado Bautista* binding would be "premature given the current splits among districts and ongoing procedural uncertainties" and "reach[ing] its conclusion through an independent statutory analysis").

The remaining claims are dismissed without prejudice.

IT IS SO ORDERED this 6th day of March, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE